IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARIO GAETA-COVARRUBIAS, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| VS. | § | CIVIL CASE NO. SA-26-CV-2943-FB |
| | § | |
| MIGUEL VERGARA, Field Office Director of | § | |
| Enforcement and Removal Operations, San Antonio | § | |
| Field Office, Immigration and Customs Enforcement; | § | |
| KRISTI NOEM, Secretary, U.S. Department of | § | |
| Homeland Security; U.S. DEPARTMENT OF | § | |
| HOMELAND SECURITY; PAMELA BONDI, U.S. | § | |
| Attorney General; EXECUTIVE OFFICE FOR | § | |
| IMMIGRATION REVIEW; WARDEN OF SOUTH | § | |
| TEXAS ICE PROCESSING CENTER, | § | |
| | § | |
| *Respondents*. | § | |

## AMENDED[1] ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court are Petitioner Mario Gaeta-Covarrubias' ("Petitioner") Petition for Writ of

Habeas Corpus ("Petition") (ECF No. 1), and the Federal Respondents' ("Respondents") Response to

Petition (ECF No. 3).  The relevant facts are undisputed and the Court grants relief without a hearing.

*See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

### BACKGROUND

Petitioner is currently detained in the South Texas Ice Process Center in Pearsall, Texas, located

in the Western District of Texas.  Petitioner argues that Petitioner's detention is unlawful and asks the

Court to order Petitioner's release or a bond hearing.

### DISCUSSION

In preparing their response to the Petition, Respondents were Ordered to consider a list of prior

court orders issued in the Western District of Texas addressing whether Petitioner's detention violates

---

[1] The order is amended only to correct the date in item 1 on page 3 from Friday, May 18, 2026, to Friday, May 22, 2026.

due process and note any material factual differences. ("Order for Service," ECF No. 2 at page 2). Respondents filed a full response, but did not address whether the factual and legal issues presented in this case differ in any material fashion from those presented in the identified decisions. The Court therefore considers whether prior rulings concerning similar challenges to the government policy or practice at issue in this case, and the common question of law between this case and those rulings, would control the result in this case should this Court follow its legal reasoning in its prior decisions.

After reviewing the briefing, provided evidence, and applicable law, the Court grants the Petition for the same reasons stated in the prior relevant decisions identified by the Court in the Order for Service. *See e.g.*, *Acero v. Thompson*; Case No. 5:26-CV-0673-JKP (ECF No. 8) (W.D. Tex. Apr. 9, 2026); *Camargo-Barreto v. Bondi*, Case No. 5:26-CV-0659-JKP (ECF No. 7) (W.D. Tex. Apr. 2, 2026); *Vargas-Negrete v. Noem*, Case No. SA-26-CA-00571-XR (ECF No. 9) (W.D. Tex. Mar. 19, 2026); *Mendoza v. Noem*, Case No. 5:26-CV-0728-JKP (ECF No. 9) (W.D. Tex. Feb. 26, 2026); *Fernandez v. Vergara*, Case No. SA-26-CA-00500-XR (ECF No. 8) (W.D. Tex. Feb. 26, 2026); *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *3-5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10-13 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 685-87 (W.D. Tex. 2025).

For reasons previously stated in other cases, the Court finds that (1) it has jurisdiction to consider the arguments presented in the instant habeas Petition; (2) Respondents have violated Petitioner's right to due process under the Fifth Amendment; and (3) fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 are not available in habeas corpus proceedings like this one. The Court treats the instant action solely as a habeas action under 28 U.S.C. § 2241, and declines to consider *Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal. Dec. 18, 2025), or other challenges presented.

IT IS THEREFORE ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED** such that:

1.      Respondents are **DIRECTED** to **RELEASE** Petitioner Mario Gaeta-Covarrubias, A-Number:  200-592-509, from custody, under reasonable conditions of supervision, to a public place no later than **Friday, May 22, 2026**.

2.      Respondents must **NOTIFY** Petitioner's counsel, by email or by a direct telephone conversation, of the exact location and exact time of release as soon as practicable and no less than two hours before release.

3.      Respondents shall **FILE** a status report no later than **Wednesday, May 27, 2026**, confirming that Petitioner has been released.

IT IS FINALLY ORDERED that motions pending, if any,  are DISMISSED AS MOOT as Moot and this case is CLOSED.

It is so ORDERED.

SIGNED this 21st day of May, 2026.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE